FILED
SUPERIOR COURT
OF GUAM

2018 FEB 28 AM 9: 07

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0646-16 |
| vs. | **DECISION AND ORDER** |
| RICO MANUEL TAITANO MANTANONA, <br><br> Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on December 6, 2017, for hearing on Defendant Rico Manuel Taitano Mantanona's ("Defendant") Motion for Conditional Discharge, Evaluation; or in the Alternative to Dismiss the Indictment and Motion to Compel Discovery. Defendant was present with his counsel, Attorney William B. Pole, and Assistant Attorney General Matthew A. Phelps was present on behalf of the People of Guam ("the Government"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On November 22, 2016, Defendant was indicted with the following charges: (1) Possession of a Schedule II Controlled Substance (As a Third Degree Felony); (2) Eluding a Police Officer (As a Misdemeanor); (3) Resisting Arrest (As a Misdemeanor); and (4) Reckless Driving (As a Petty Misdemeanor). (Indictment, Nov. 22, 2016). According to the Declaration attached to the Magistrate's Complaint, officers effectuated a traffic stop when they observed a

motorcycle on the roadway bearing a California License Plate that matched the description of another vehicle reported stolen. (Decl. of James C. Collins, Magistrate's Compl., Nov. 3, 2016). The operator of the motorcycle, later identified as Defendant, attempted to flee. A chase ensued with officers pursuing in their vehicle. *Id.* When the officers caught up with the motorcycle, the operator again tried to flee but was surrounded by officers and taken to the ground, continuing to physically resist their attempts to arrest him. *Id.* Defendant was subdued with a Taser. *Id.* Officers then began a check of Defendant's person and discovered a small white plastic bag with suspected methamphetamine in Defendant's wallet. *Id.*

On October 26, 2017, Defendant filed a Motion for Conditional Discharge, Evaluation; or in the Alternative to Dismiss the Indictment as well as a Motion to Compel Discovery. On November 29, 2017, the Government filed a response to each respective motion. On December 4, 2017, Defendant filed his Reply to the Government's responses.

On December 6, 2017, the Court heard oral arguments on the motions and subsequently placed the matters under advisement.

## DISCUSSION

## I. MOTION FOR CONDITIONAL DISCHARGE

Defendant first moves the Court for an order allowing clinical screening and for Defendant to be allowed to enter a Condition Plea allowing for Dismissal and Expungement pursuant to 9 G.C.A. § 67.412. *See generally*, Mot. Conditional Discharge, Oct. 26, 2017. In the alternative, Defendant moves the Court to dismiss the Indictment based on violations of the United States Constitution, the Organic Act, and Guam law. *Id.* Defendant argues that he has no criminal history and would "like the chance to better himself by entering a treatment program and go through a deferred imposition of guilt, and be evaluated for 'traditional' drug court." *Id.* at 4. Defendant further argues that the "Government has provided no evidence that the Defendant would not be a good candidate for the deferred program and making a decision not backed up by either the law or fact would be an abuse of discretion." *Id.*

Title 9 G.C.A. section 67.412 provides in relevant part:

**§ 67.412. Conditional Discharge and Dismissal for First Offenders; Permitted.**

(a) Whenever any person who has not previously been convicted of an offense under this Act or under any statute of the United States or of any State relating to narcotic drugs, marijuana or stimulant, depressant or hallucinogenic drugs, *pleads guilty to or is found guilty* of possession of a controlled substance under § 67.401.2(a), the Court, without entering a judgment of guilt and with the consent of the accused, *may* defer further proceedings and place him on probation upon terms and conditions. . . .

9 G.C.A. § 67.412. (emphasis added). This Court continues to find that section 67.412 unambiguously applies to a defendant who "pleads guilty to or is found guilty of possession of a controlled substance under § 67.401.2(a)." At this stage in the proceedings, Defendant has yet to plead guilty or be found guilty by a jury of his peers. Thus, it is premature for the Court to grant Defendant a conditional discharge at this time, and the Court will not order that Defendant be automatically eligible for ADC. The Court, however, does find that pursuant to section 67.412, Defendant may be eligible for a conditional discharge as a sentencing alternative, as the parties are in agreement that Defendant does not have any prior convictions. Should Defendant plead guilty or be found guilty of the charge of Possession of a Schedule II Controlled Substance (As a Third Degree Felony), "the Court, without entering a judgment of guilt and with the consent of the accused, *may* defer further proceedings and place him on probation upon terms and conditions." 8 G.C.A. § 67.412(a). (emphasis added). Accordingly, the Court may sentence Defendant to treatment instead of incarceration, but will not determine this until the time of sentencing, subsequent to Defendant's plea of guilty, and having heard from both parties. The Court will permit Defendant to be clinically screened to determine whether Defendant would benefit from a treatment program, should he plead guilty or be found guilty, and be sentenced in accordance with a deferred plea. Lastly, the Court acknowledges that dismissal and expungement under section 67.412 would only apply to the possession charge and not the remaining misdemeanor charges Defendant also faces.

## II. MOTION TO COMPEL DISCOVERY

Here, Defendant moves the Court to compel the Government to provide discovery pursuant to 8 G.C.A. §§ 70.10 and 70.15. *See generally*, Mot. Compel, Oct. 26, 2017. Guam law provides that upon a defendant's noticed motion, the court must order the prosecutor to

disclose information enumerated under 8 G.C.A. § 70.10. The Government does not oppose discovery being requested pursuant to section 70.10, but opposes discovery requests being made under 70.15 pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). Defendant requests "[a]ll Brady Material, including a review of internal affairs documents for impeachment evidence," and "all prospective government witnesses' personnel files or internal affairs reports" pursuant to *Henthorn*.

In *Brady*, the Supreme Court of the United States held that "suppression of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." 373 U.S. at 87. Defendant classifies all the personnel files of the Guam Police Department Officers as *Brady* material, and argues that pursuant to *Henthorn*, *Giglio v. United States*, 450 U.S. 150 (1972), and *Kyles v. Whitley*, 514 U.S. 419 (1995). *See* Mot. Compel at 5 ("All Brady Material, including a review of internal affairs documents for impeachment evidence must be turned over by the prosecution."). *Henthorn* held that the obligation for the Government to examine personnel files arises by a virtue of a demand for their production, and that a defendant is not obligated to make an initial showing of materiality. 931 F.2d at 31.

Under Guam law, however, "a threshold showing of materiality must be established before the prosecution is obligated to turn over evidence to the defendant either automatically (under section 70.10 and *Brady*) or following a motion by the defendant (under section 70.15)." *People v. Mateo*, 2017 Guam 22 ¶ 15. *See also People v. Tuncap*, 1998 Guam 13 ¶ 16 ("[I]n situations where discovery is not covered under section 70.10, the defendant may obtain other discovery upon a showing: 1) of materiality to the preparation of his defense; and 2) the request is reasonable."). While the materiality standard is not difficult to meet, "a simple request for discovery" does not by itself "automatically make the information material for purposes of the statute and thus requiring disclosure." *Tuncap*, 1998 Guam 13 at ¶¶ 18-19.

In *Mateo*, the Supreme Court of Guam affirmed the trial court's finding that *Henthorn* is inconsistent with Guam law, and that a threshold showing of materiality is required to trigger a

---

mandatory review by the prosecution or an *in camera* review of an arresting officer's personnel files. *Mateo*, 2017 Guam 22 ¶ 17.

> As we previously stated in *Kitano*, *Brady's* overriding concern is with the justice of the finding of guilt, not with the accused's ability to prepare for trial. Mere speculation that a government file may contain *Brady* material is not sufficient to require a remand for *in camera* inspection. . . . A due process standard which is satisfied by mere speculation would convert *Brady* into a discovery device and impose an undue burden upon the trial court."

*Id.* (internal quotation marks and citations omitted). "[T]he personnel files of GPD officers, like all public employees of Guam, are confidential and generally not subject to public disclosure. Indeed, the presence of a statute blocking personnel files from public disclosure under the open-records law is further reason for this court to reject the application of *Henthorn*." *Id.* at ¶ 18.

Here, Defendant argues that "[a]n in camera review of the police officers in this case [is] both material and relevant under Brady and Giglio. The Defendant is charged with resisting arrest and Brady material, such as falsifying evidence or excess force is relevant to those charges." (Reply at 4). Without more, the Court does not find that Defendant has met the threshold showing of materiality to have the GPD personnel files turned over to the Court for *in camera* inspection." Therefore, the Court denies Defendant's Motion to Compel Discovery as it relates to material not covered under 8 G.C.A. § 70.10.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS IN PART Defendant's Motion for Conditional Discharge and DENIES Defendant's Motion to Compel Discovery.

Further Proceedings are set for March 20, 2018 at 9:00 a.m

**IT IS SO ORDERED** this 27th day of February, 2018.

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

POLE/ACA

FEB 28 2018          Time: 7/0 am

Deputy Clerk, Superior Court of Guam

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

*People v. Mantanona*
Case No. CF0646-16
Decision and Order